1
2
3
4
5
6              IN THE UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10   NADINE CAMARA, an individual, CHRISTINE
     DAVIS, an individual, STEPHANIE DOBBS, an
11   individual, MICHELLE COTTRILL, an individual,        No. C 09-06084 WHA
     and JENNIFER WILKENS, an individual,
12
13                    Plaintiffs,

14       v.                                               **ORDER GRANTING
                                                          DEFENDANTS' MOTION
15   BAYER CORPORATION, an Indiana corporation,           TO STAY PROCEEDINGS
     BAYER HEALTHCARE PHARMACEUTICALS                     PENDING TRANSFER BY
16   INC., a Delaware corporation, BAYER                  THE JUDICIAL PANEL
     HEALTHCARE LLC, a Delaware limited liability         ON MULTIDISTRICT
17   company, BERLEX LABORATORIES                         LITIGATION TO MDL 2100**
     INTERNATIONAL, INC., a Delaware corporation,
18   BAYER SCHERING PHARMA AG, a German
     Corporation, BAYER AG, a German corporation,
19   SCHERING AG, a German corporation,
     MCKESSON CORPORATION, a Delaware
20   corporation, and DOES 1-50,

21                    Defendants.
                                                      /
22
23                            **INTRODUCTION**

24          In this pharmaceutical products-liability case, defendants Bayer Corporation, Bayer

25   Healthcare LLC, and Bayer Healthcare Pharmaceuticals, Inc. ("Bayer defendants"), move to stay

26   this action pending a potential transfer to a multidistrict litigation proceeding.  Plaintiffs Nadine

27   Camara, Christine Davis, Stephanie Dobbs, Michelle Cottrill, and Jennifer Wilkens move to

28   remand this action to state court for lack of subject-matter jurisdiction due to the absence of

United States District Court
For the Northern District of California

1   complete diversity.  Defendants' motion to stay pending transfer to MDL is **GRANTED**.

2   This order defers ruling on plaintiffs' motion to remand.

3                                          **STATEMENT**

4          Bayer defendants are pharmaceutical companies that manufactured the prescription oral

5   contraceptives commonly known as Yasmin® and YAZ®.  This products-liability case is one of a

6   large number of actions filed against defendants for the alleged personal injury caused by

7   Yasmin® and YAZ®.  On October 1, 2009, an MDL panel transferred 32 actions pending at the

8   time to MDL No. 2100 in United States District Court for the Southern District of Illinois for

9   coordinated or consolidated pretrial proceedings before the Honorable David R. Herndon.

10  *In re: Yasmin, Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation.*

11  655 F. Supp. 2d 1343 (J.P.M.L. 2009).  As of January 15, 2010, 180 additional actions have been

12  transferred to MDL No. 2100 (Schwartz Decl. Exh. C at 1).  Additionally, in the opposition to

13  stay and motion for remand, plaintiffs briefly mention California's Petition for Coordination

14  filed with the Judicial Council of California on September 29, 2009.  On January 11, 2010, the

15  Honorable Judge Lichtman granted the Petition for Coordination in the JCCP (Br. 4).

16         Plaintiffs filed a state court action for personal injury allegedly caused by Yasmin® and

17  YAZ® on November 30, 2009, in the Superior Court of California for the County of Los Angeles.

18  In the complaint, plaintiffs allege claims of:  (1) strict liability for failure to warn; (2) strict

19  liability for design defect; (3) negligence; (4) breach of implied warranty; (5) breach of express

20  warranty; (6) violation of California Civil Code Sections 1709 and 1710; (7) negligent

21  misrepresentation; (8) violation of California Business and Professions Code Section 17200;

22  (9) violation of California Business and Professions Code Section 17500; and (10) violation of

23  California Civil Code 1750.

24         On December 30, defendants removed this action to federal court, alleging that defendant

25  McKesson, a citizen of California, was fraudulently joined in an effort to avoid federal

26  jurisdiction.  On January 5, 2010, Bayer defendants filed a letter with the JPML identifying this

27  case as a tag-along action to MDL No. 2100 (Schwartz Decl. ¶ 3).  On January 15, a conditional

28

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1   transfer order issued for the instant action (Schwartz Decl. ¶ 4).  Defendants now move for a stay

2   of this action, pending a transfer to MDL No. 2100.

3        On January 27, plaintiffs filed a motion to remand the action, claiming lack of complete

4   diversity.  Plaintiff's contend that under 28 U.S.C. 1441(b), this Court lacks subject-matter

5   jurisdiction because both defendant McKesson and plaintiffs Camara and Wilkins are citizens of

6   California.  Defendants argue that McKesson was fraudulently joined and should be ignored for

7   purposes of determining diversity jurisdiction.

8                                    **ANALYSIS**

9        The power to grant a temporary stay "is incidental to the power inherent in every court to

10  control the disposition of the causes on its docket with economy of time and effort for itself, for

11  counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Plaintiffs argue that

12  the Court should rule on the motion to remand before deciding to stay this action despite its being

13  filed later.  Whether a motion to remand or a motion to stay should be decided first, however, is

14  "extremely sensitive to the facts of the case."  *Burse v. Purdue Pharma Co.*, 2004 WL 1125055

15  at *1 (N.D. Cal. 2004).  In another MDL No. 2100 transfer order, the JPML responded to a

16  motion to vacate a conditional transfer order due to a pending motion to remand.  The order

17  denied the motion, stating that "Plaintiff in the action before the Panel can present the motion for

18  remand to state court to the transferee court" (Gabianelli Decl. Exh. D at 1)(citations omitted).

19  As of February 18, thirteen motions to stay pending transfer to MDL have been granted in the

20  Northern and Central Districts of California (Gabianelli Decl. ¶ 2).  Of these thirteen, eight

21  actions have pending motions to remand (*ibid.*).  Plaintiffs argue that "a determination of

22  Plaintiff's remand motions will be made and it is imperative that these decisions are made in

23  California . . ." (Opp. 5).  In light of the eight pending motions for remand in California courts,

24  it is clear that the transferee court will be well-equipped to make an informed and uniform

25  decision on all of these motions to remand to California state court.

26       Plaintiffs argue that the motion to remand should be addressed before a motion to stay is

27  granted.  In view of the MDL, however, doing so would unnecessarily duplicate work and could

28  lead to inconsistent results.  In the motion to remand, plaintiffs argue that defendants cannot show

                                        3

**United States District Court**
For the Northern District of California

fraudulent joinder.  In doing so, plaintiffs mistakenly cite to "this Court" as deciding a similar issue in favor of their fraudulent joinder argument.  The language from plaintiffs' memorandum is as follows:  "this Court itself has previously addressed this issue" (Br. 11).  In support of this assertion, plaintiffs cite to a 2005 decision in the Central District of California to say that "this Court, however, states that Merck does not, and cannot cite any California cases holding that a distributor cannot be liable for failure to warn . . ." (*ibid.*).  Although the *Central District* may have come to the above conclusion, plaintiffs fail to cite a decision where "this Court" actually addressed the same issue.  The reference to "this Court" in the memorandum is incorrect and misleading.

Plaintiffs also cite to many additional decisions in support of the position that fraudulent joinder is not present in the instant case.  These results will likely be taken into consideration in deciding similar motions to remand.  In order to prevent inconsistent results, however, this should be done by the MDL panel.

If the remand motion appeared to be more one-sided in favor of plaintiffs, the undersigned would be inclined to decide the motion now, as Judge David Carter did in *Hoiland v. Bayer Corporation et al.*, Case Number 8:09-cv-01350-DOC-RNB.  The complaint, however, fails to clearly explain the role of McKesson in the injury of these specific plaintiffs and leaves a suspicion that McKesson could have been added to defeat diversity removal.

### CONCLUSION

For all the above-stated reasons, defendants' motion to stay pending the potential transfer of this action is **GRANTED.**  In the interim, this order declines to rule on plaintiffs' motion to remand.


**IT IS SO ORDERED.**


Dated:  March 9, 2010.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE